# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## LUFKIN DIVISION

| | |
|---|---|
| **PAUL V. ANDERSON, INDIVIDUAL and** §<br>**BRANDON FINCHUM, INDIVIDUAL** §<br>   *Plaintiffs* §<br>                              §<br>**V.** §<br>                              §<br>**NACOGDOCHES COUNTY ATTORNEY'S** §<br>**OFFICE, and JOHN FLEMING, In his official** §<br>**capacity; NACOGDOCHES COUNTY** §<br>**SHERIFF'S OFFICE, and JASON BRIDGES,** §<br>**In his official Capacity, NACOGDOCHES** §<br>**COUNTY DISTRICT ATTORNEY'S OFFICE,** §<br>**and ANDREW JONES, In his official capacity** §<br>   *Defendants.* § | **CIVIL ACTION NO:** |

## PLAINTIFFS' ORIGINAL COMPLAINT

**TO THE HONORABLE JUDGE OF THE COURT:**

Plaintiffs **Paul V. Anderson** and **Brandon K. Finchum** file this Original Complaint against the County of Nacogdoches, Texas and **John Fleming**, in his official capacity as Nacogdoches County Attorney, and **Sheriff Jason Bridges**, in his official capacity as Nacogdoches County Sheriff, and the Nacogdoches County District Attorney's Office and **Andrew Jones**, in his official capacity, for damages and injunctive relief.

## STATEMENT OF THE CASE

The Supreme Court ruled in ***Upjohn Co. v. United States*** (1981) that "[t]he attorney-client privilege is the oldest of the privileges for confidential communications known to the common law. Its purpose is to encourage full and frank communication between attorneys and their clients, and thereby promote broader public interests in the observance of law and administration of justice. The privilege recognizes that sound legal advice or advocacy serves public ends and that such advice or advocacy depends upon the lawyer's being fully informed by the client."

In early May of 2021, Brandon Finchum, a custodial inmate at the Nacogdoches County, Texas jail, called his attorney from a jail telephone to discuss his case. The inmate and his attorney had an absolute attorney-client relationship at the time of the wiretapping by the County of Nacogdoches Sheriff's Office. The call was recorded and its confidential contents shared with others. That confidential information was then used to harm the Plaintiffs.

On May 19th, 2021, Nacogdoches County, Texas Attorney John Fleming expressly admitted in writing that "a non-lawyer employee of our office listened to a jail call between you and Mr. Finchum." *See Exhibit "A"* – May 19th, 2021 Email from John Fleming.

This lawsuit seeks to stop the Nacogdoches County Sheriff from illegally recording attorney's confidential calls from the Nacogdoches County jail and unlawfully disclosing those recordings to prosecutors and third parties, and to stop prosecutors from illegally using those recordings to harm citizens.

## PARTIES

Plaintiff **Paul V. Anderson** is a resident of Nacogdoches County, Texas.  Paul Anderson is licensed attorney in the State of Texas and is represented by Paul Anderson, PLLC, 601 North Street, Nacogdoches, Texas.

Plaintiff **Brandon K. Finchum** is currently a custodial inmate of the Nacogdoches County Sheriff's Office. Without any notice, on or around November 1st, 2021, Mr. Finchum was transferred from Nacogdoches County jail to the Jasper County, Texas jail. Brandon K. Finchum is represented by the undersigned.

Defendant **John Fleming** is the Nacogdoches County Attorney. The Nacogdoches County Attorney's Office prosecutes misdemeanors and can be served with summons and process at 101 W. Main St., Suite 230, Nacogdoches, Texas 75961, or wherever he may be found.

Defendant **Jason Bridges** is the Sheriff of Nacogdoches County, Texas and can be served with summons and process at his place of employment, the Nacogdoches County Sheriff's Office, 2306 Douglas Road, #102, Nacogdoches, Texas 75964, or wherever he may be found.

Defendant **Andrew Jones** is the Nacogdoches County District Attorney. The Nacogdoches County District Attorney's Office prosecutes felonies. Mr. Jones may be served with summons and process at 101 West Main, Suite 240, Nacogdoches, Texas 75961, or wherever he may be found.

Defendant **County of Nacogdoches, Texas** is a government entity existing under the laws of the State of Texas and is located within the U.S. Eastern District. The County of Nacogdoches, Texas can be served with summons and process on Greg Sowell, County Judge, located at 101 West Main Street, Nacogdoches, Texas 75961.

## JURISDICTION AND VENUE

This Court has jurisdiction over Plaintiffs' federal claims under 28 U.S.C. § 1331, 1343 and 42 U.S.C. §§ 1983 and 1988, and supplemental jurisdiction under 28 U.S.C. § 1367(a) to hear Plaintiff's state law claims.

Venue is proper in this Court, under 28 U.S.C. § 1391(b) because the incident at issue took place in Nacogdoches County, Texas within the United States Eastern District of Texas, Lufkin Division.

## FACTUAL ALLEGATIONS RELEVANT TO ALL CLAIMS

On May 2nd, 2021 Brandon Finchum contractually retained Paul Anderson, PLLC to represent Mr. Finchum in civil tort and civil rights violations allegedly committed against Brandon Finchum by the Nacogdoches County Sheriff's Office while Brand Finchum was in the custody and care of the Nacogdoches County Sheriff's Office. These include allegations and complaints of Brandon Finchum being stabbed during an arrest by a Nacogdoches County Sheriff's Office Deputy and improper medical care while in custody.

Brandon Finchum called from the Nacogdoches County Jail to Paul Anderson's office on more than one occasion before and after May 2nd, 2021 to discuss his legal case including a judicial complaint filed against a Nacogdoches County District Court trial court judge that remains open today.

Somewhere between May 2nd, 2021 and May 19th, 2021 at least one protected attorney-client communication between Paul Anderson and Brandon Finchum was recorded by the Nacogdoches County Sheriff. One or more of those recordings were then provided to the Nacogdoches County District Attorney.

Every incoming telephone call to the law offices of Paul Anderson, PLLC is answered by staff who say "law office." Therefore, any recording made by the Nacogdoches County Sheriff involving a call to Paul Anderson, PLLC would begin with the phrase "law office." Any person listening to recordings of calls to Paul Anderson, PLLC would hear this phrase at the start of the recording. Thus, immediately upon hearing that the call was to a law office, recording of the call should have ceased immediately.

The Nacogdoches County District Attorney, or an investigator with the Nacogdoches County District Attorney's Office, then provided the recordings to an "employee" of the Nacogdoches County Attorney's Office. The Nacogdoches County Attorney, John Fleming, then confirmed that, a "non-lawyer" employee listened to the recordings and disclosed the contents of those recordings to one or more other persons.

The information obtained from one or more of those conversations was extraordinary sensitive and confidential. The information was used to tortiously interfere in Paul Anderson's representation of Brandon Finchum. The information was used to tortiously interfere in Paul Anderson's 11 Writs of Habeas Corpus alleging criminal conduct involving the Nacogdoches County District Attorney's office.[1]

On May 19th, 2021 Nacogdoches County Attorney John Fleming wrote an email to Paul Anderson expressly stating "a non-lawyer employee of our office listened to a jail call between you and Mr. Finchum." *See Exhibit "A"* – May 19th, 2021 Email from John Fleming.

---

[1] Denial(s) of (Eleven) Motion(s) to Recuse the Trial Court Judge in Writ of Habeas Corpus cases is (are) currently on appeal to the 12th Court of Appeals, Tyler Texas.

Mr. Fleming also stated, "It is my understanding the employee heard two statements that I will summarize: that you would meet your client at 1:30 p.m. and that you would try to call Mr. Finchum's dad." *Id.* Such conversations are protected under attorney-client privilege.

The reference to "Mr. Finchum's dad" was not inadvertent or irrelevant. "Mr. Finchum's dad" was in fact a confidential and important witness in a civil corruption investigation into the County of Nacogdoches District Attorney's Office.

Mr. Finchum's dad ceased all communication with Paul Anderson around May 9th, 2021, presumably because of the information obtained from the wiretap.

It is not known how long the Nacogdoches County Attorney's Office held on to the privileged information or to whom it was further disseminated.

On May 19th, 2021 Paul Anderson filed a Texas Public Information Act request for the audio recordings between him and his client. *See attached Exhibit "B"* – May 19th, 2021 PIA Request.

Exactly ten days later, on June 1st, 2021, the Nacogdoches County Attorney's office responds with a request for clarification of the May 19th, 2021 PIA request. *See attached Exhibit "C"*- June 1st, 2021.

On June 14th, 2021, the Nacogdoches County Attorney's Office was asked in writing to identify the "non-lawyer employee" that listened to the attorney-client recordings provided by the Nacogdoches County Sheriff's Office or others. *See attached Exhibit "D"* – June 14th, 2021 Letter to John Fleming. The letter was never responded to. This lawsuit seeks the disclosure by the Nacogdoches County Attorney's Office of any and all persons, including non-employees, that had access to the recording between Paul Anderson and Brandon Finchum and the information those recordings contained.

On June 17th, 2021 outside counsel stated that "Nacogdoches County has no items responsive to items 4, 5 and 6." *See attached Exhibit "E"* – June 24th, 2021 letter from Robert Davis.  Items 4, 5 and 6 are:

> 4.  A copy of any communication, writing or electronic record of Nacogdoches County Attorney's office policy on attorney-client communications, including, but not limited to, monitoring telephone calls from inmates incarcerated in the Nacogdoches County Jail.

5. A copy of any communication, writing or electronic record of Nacogdoches County Attorney's office admonishing, disciplining, or counseling the "employee" that listened to the confidential and privileged attorney-client recording referred to in your May 9th, 2021 email.

6. Please provide a copy of any communication, writing or electronic record created by the Nacogdoches County Attorney's office and referring to "taking steps to avoid this happening again" stated in your May 19th, 2021 email." *Id.*

On June 24th, 2021 outside counsel clarified the basis for denying Paul Anderson's Public Information act requests for Items 1, 2 and 3. *See attached Exhibit "E"* – June 24th, 2021 letter from Robert Davis. The Nacogdoches County Attorney's office basis for denying Paul Anderson's Public Information Act request was that the information sought by Paul Anderson was considered to be confidential by law, either constitutional, statutory, or by judicial decision, and that the documents sought were exempted core work-product.

On August 17th, 2021, Paul Anderson filed a criminal complaint with the Nacogdoches County Attorney's Office, Robert Davis, Counsel for the Nacogdoches County Attorney's Office, and the Texas Rangers. *See attached Exhibit "F"* – August 17, 2021 Criminal Complaint. The sworn complaint alleged that "John Fleming and/or one or more non-lawyer employees of the Nacogdoches County Attorney's Office did knowingly violate Section 39.06(b) & (c) - Misuse Of Official Information and Section 16.02 -- Unlawful Interception, Use, Or Disclosure of Wire, Oral, or Electronic Communications." *Id.* Nothing has come of this complaint and this lawsuit, in part, seeks injunctive relief correcting Nacogdoches County's institutionalized failure to police its own misconduct.

On August 20th, 2021, the Texas Office of the Attorney General issued an opinion that stated, in part, that "[Nacogdoches] have submitted audio recordings . . ." and, "[T]hus, these recordings . . ." This is the first time Plaintiffs were aware that there were multiple recordings. *See attached Exhibit "G"* - OAG Opinion Letter (OR2021-22722) to Robert Davis, August 20th, 2021.

We believe federal and constitutional law far exceeds minimum thresholds of authority to override an "opinion" of the Texas Attorney General, which, in fact states that, " . . .pursuant to 552.023, the

requestor has a *special right* (ital. added) of access to information concerning himself and his client, and this information may not be withheld under section 552.101. *Id*.

Exhibit F was withheld on the basis of the anticipation of litigation. *Id*. Unfortunately, litigation has commenced and these exceptions do not waive the rules of discovery under the Federal Rules of Civil Procedure.

Incredulously, on September 2nd, 2021, counsel for Nacogdoches County wrote, "A CD with phone calls was submitted to the Attorney General's Office . . ." and "… to determine which calls the Attorney General is requiring us to produce, we will need to listen to the phone calls. Do we have your consent to listen to these calls?" ***See attached Exhibit "H"*** – September 2nd, 2021 Letter from Robin O'Donoghue. Not only is this a written admission of more than one recorded phone call existing between Attorney Paul Anderson and his client Brandon Finchum, but the absurdity of this request also defies common sense and flouts professional ethics. Defense counsel seeks to listen to *recorded* conversations between the Plaintiff's counsel and his client to determine whether Plaintiff's counsel can listen to his own calls.

Paul Anderson tells Nacogdoches COnty it absolutely has no permission to listen to any privileged calls between Paul Anderson and Brandon Finchum. ***See attached Exhibit "I"*** – Letter to Nacogdoches Counsel September 8th, 2021.

As a final act of insult to transparency, on September 8th, 2021, Nacogdoches County Attorney's Office, through it counsel Robert Davis, admits the existence of, but refuses to provide, "a detailed log of every phone call between Paul Anderson and Brandon Finchum." ***See attached Exhibit "J"*** – September 16th, 2021.

Nacogdoches County has repeatedly refused to provide copies of the calls recorded between Paul Anderson and Brandon Finchum. The interception of attorney-client privileged calls is illegal under Texas law and therefore illegal under federal wiretapping law.

The Nacogdoches County Sheriff failed to screen out attorney-client privileged calls, and then illegally intercepted one or more of those calls and shared copied of those calls with other law enforcement

agencies, including the Nacogdoches County Attorney's Office and the Nacogdoches County District Attorney's Office.

Custodial inmates at the Nacogdoches County jail routinely contact their attorneys by telephone to discuss confidential matters. They do so with the understanding their conversations are private and not recorded, much less disseminated to prosecutors and third parties.

Custodial inmates are led to believe that their calls with their attorneys are confidential.

The Nacogdoches County Sheriff's Office leads custodial inmates to believe that calls with their attorneys are confidential.

There is no legitimate reason to record calls between custodial inmates and their attorneys – the recordings do nothing to further the Nacogdoches County jail's security or public safety.

Prosecutors in both the Nacogdoches County Attorney's Office and Nacogdoches County District Attorney's Office have procured recordings of confidential attorney-client conversations from the Nacogdoches County Sheriffs' Office and listened to them. Then information obtained was subsequently used to their tactical advantage without admitting they obtained or listened to the recordings until they were forced to do so by disclosure to the Texas Attorney General's Office.

Defendants appear to have no intention of ceasing their unlawful, unconstitutional eavesdropping on attorney-client communications. Both custodial inmates and their attorneys face substantial risk that the defendants named herein will continue to violate privilege and privacy as defined by the Federal and Texas Wiretap Acts.

## CLAIMS FOR RELIEF/CAUSE OF ACTION

### COUNT I:
### VIOLATIONOF FEDERAL WIRETAP ACT, 18 U.S.C. § 2510 et. Seq.

The Plaintiffs incorporate all previous paragraphs by reference for all intents and purposes.

Plaintiffs bring this claim on their own behalf. Paul Anderson, PLLC represents Brandon Finchum.

The Federal Wiretap Act broadly prohibits intercepting, disclosing, or using the contents of any wire, oral, or electronic communication.

The Nacogdoches County Sheriff's Office has acted in concert with the Nacogdoches County Attorney's Office and the Nacogdoches County District Attorney's Office to intercept confidential communications between an attorney and his client and then disclosed confidential information to local prosecutors in violation of the Act.

Paul Anderson and Brandon Finchum had one or more phone calls recorded. Extraordinarily sensitive and confidential information derived from those calls was disseminated to others.

The Defendants used an electronic device to intercept attorney-client communications between attorney Paul Anderson and his client Brandon Finchum. The electronic device was affixed to the wires of the Nacogdoches County jail's inmate telephone system and used in wire communications.

Subsequently, Defendants intentionally disclosed the intercepted conversations to third parties, specifically, an unidentified "non-lawyer employee" in the Nacogdoches County Attorney's office.

Under 18 U.S.C. § 2520 Plaintiffs are entitled to actual and statutory damages, punitive damages, costs and attorney's fees.

## COUNT II.

## VIOLATION OF TEXAS WIRETAP ACT

## (Tex, Civ, Prac, & Rem. Code § 123.001, et seq.)

Each Defendant is violating the Texas Wiretap Act when it:

"[I]ntercepts, attempts to intercept, or employs or obtains another to intercept or attempt to intercept the communication;"

"uses or divulges information that he knows or reasonably should know was obtained by interception of the communication." (Tex. Civ. Prac. & Rem. Code § 123.002(a).

Defendants have violated, and may be continuing to violate, Plaintiff attorneys' and custodial inmates' rights under the Texas Wiretap Act. Plaintiffs Paul Anderson and Brandon Finchum are directly affected.

## COUNT III.

## INVASION OF PRIVACY

Texas Courts have expressly allowed for the common law cause of action for the unreasonable intrusion upon the seclusion or private affairs of another. Intrusion upon seclusion is an invasion of privacy claim for over-reaching and over-snooping.

For Intrusion upon seclusion to occur, Defendants must intrude upon the solitude, seclusion, or private affairs of another; the intrusion would be highly offensive to a reasonable person, and the plaintiffs suffered an injury as a result. *Valenzuela v Aquino*, 853 S.W.2d 512, 513 (Tex. 1983).

Under the U. S. Constitution's Fourth Amendment a person is always constitutionally protected against illegal search and seizure.

The Texas Rules of Evidence protect from disclosure the communications between a client and his counsel when they are kept confidential and are made to facilitate the rendition of legal services. See TEX. R. EVID. 503(b)(1); *Cameron v. State* , 241 S.W.3d 15, 19 (Tex. Crim. App. 2007) ; *McAfee* , 467 S.W.3d at 642–43.

The privilege applies not only to legal advice but attaches to complete communications between an attorney and the client. *In re Carbo Ceramics Inc.*, 81 S.W.3d 369, 374 (Tex.App.-Houston [14th Dist.] 2002, no pet.); *GAF Corp. v. Caldwell*, 839 S.W.2d 149, 151 (Tex.App.-Houston [14th Dist.] 1992, orig. proceeding).

The subject matter of the information contained in the communication is irrelevant when determining whether the privilege applies. See *Marathon Oil Co. v. Moye*, 893 S.W.2d 585, 589 (Tex.App.-Dallas 1994, no writ).

For a communication to be privileged, it must appear that the communication was made by a client seeking legal advice from a lawyer in that lawyer's capacity as such, and the communication must relate to the purpose for which the advice is sought; the proof, express or circumstantial, must indicate the client's desire for confidence and secrecy. *Duval County Ranch Co. v. Alamo Lumber Co.*, 663 S.W.2d 627, 634

(Tex.App.-Amarillo 1983, writ ref'd n.r.e.); *Ballard v. Ballard*, 296 S.W.2d 811, 816 (Tex.Civ.App.-Galveston 1956, no writ).

"A communication is 'confidential' if not intended to be disclosed to third persons other than those to whom disclosure is made in furtherance of the rendition of professional legal services to the client or those reasonably necessary for the transmission of the communication." Tex. R. Evid. 503(a)(5), 61 Tex. B.J. at 381 ; *DeAngelis*, 116 S.W.3d at 404.

Rule 503(b)(2) adds a special rule of privilege for criminal cases: "In criminal cases, a client has a privilege to prevent the lawyer or lawyer's representative from disclosing any other fact which came to the knowledge of the lawyer or the lawyer's representative by reason of the attorney-client relationship." Tex. R. Evid. 503(b)(2), 61 Tex. B.J. at 381 ; *Cameron*, 241 S.W.3d at 19.

Invocation of the privilege is dependent upon the existence of an attorney-client relationship, which has been defined as a contractual relationship whereby an attorney agrees to render professional services for a client. *Tanox, Inc. v. Akin, Gump, Strauss, Hauer & Feld*, 105 S.W.3d 244, 254 (Tex.App.-Houston [14th Dist.] 2003, pet. filed), citing *Mellon Serv. Co. v. Touche Ross & Co.*, 17 S.W.3d 432, 437 (Tex.App.-Houston [1st Dist.] 2000, no pet.).

The relationship may be expressly created by contract, or it may be implied from the actions of the parties. *Tanox*, 105 S.W.3d at 254, citing *Sutton v. Estate of McCormick*, 47 S.W.3d 179, 182 (Tex.App.-Corpus Christi 2001, no pet.); *Vinson & Elkins v. Moran*, 946 S.W.2d 381, 405 (Tex.App.-Houston [14th Dist.] 1997, writ dism'd by agr.).

The privilege is intended to allow unrestrained communication and contact between the attorney and client in all matters in which the attorney's professional advice or services are sought, without fear that these confidential communications will be disclosed by the attorney, voluntarily or involuntarily, in any legal proceeding. *Huie v. DeShazo*, 922 S.W.2d 920, 922 (Tex.1996); *In re Toyota Motor Corp.*, 94 S.W.3d 819, 822 (Tex.App.-San Antonio 2002, pet. denied).

## COUNT IV.

## VIOLATION OF THE
## FIRST, FOURTH, FIFTH AND SIXTH AMENDMENTS
## TO THE UNITED STATES CONSTITUTION

The 4th Amendment guarantees the right of a person "to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." *U.S. Const. Amend. IV.* The 14th Amendment guarantees due process of law. Such violations are actionable pursuant to 42 U.S.C. Sections 1983 and 1988. The Fourth Amendment of the U.S. Constitution prohibits unreasonable searches. The Defendants seriously threaten the Fourth Amendment rights of Plaintiff attorneys and their clients who have a reasonable expectation of privacy when they make telephone calls.

The Sixth Amendment entitles criminal defendants to effective assistance of counsel, which includes confidential and timely attorney-client communication. Similarly, the First, Fifth and Fourteenth Amendments protect a custodial inmate's right to access the courts, which is violated when government officials infringe on confidential and timely attorney-client communication.

There is no guarantee Defendants will not continue to violate Paul Anderson's, Brandon Finchum's or any other custodial inmate's privileged attorney-client communications.

Plaintiffs bring claims for actual damages and punitive damages against all Defendants under 42 U.S.C. § 1983 because the Defendants, acting under color of law, wiretapped Paul Anderson and Brandon Finchum in violation of protected rights under the 4th and 14th Amendments of the U.S. Constitution.

## DECLARATORY JUDGMENT

Defendants' unlawful actions are an ongoing threat to Plaintiffs' rights under state and federal law, and the U.S. Constitution.

"[A]ny person whose wire, oral, or electronic communication is intercepted, disclosed, or intentionally used in violation of" the Federal Wiretap Act is entitled to seek declaratory and/or injunctive relief. 18 U.S.C. § 2520(b)(1).

A person whose constitutional rights are violated has standing to seek declaratory relief under 28 U.S.C. § 2201.

## INJUNCTIVE RELIEF

Defendants' unlawful actions are an ongoing threat to Plaintiffs' rights under state and federal law, and the U.S. Constitution.

"[A]ny person whose wire, oral, or electronic communication is intercepted, disclosed, or intentionally used in violation of" the Federal Wiretap Act is entitled to seek declaratory and/or injunctive relief. 18 U.S.C. § 2520(b)(1).

"A person who establishes a cause of action under the Texas Wiretap Act is entitled to … an injunction prohibiting a further interception, attempted interception, or divulgence or use of information obtained by interception." Tex. Civ. Prac. & Re. Code § 123.004(1).

## ATTORNEY'S FEES AND COSTS

Plaintiffs respectfully request they be awarded their attorney's fees and costs of litigation.

"[A]ny person whose wire, oral, or electronic communication is intercepted, disclosed, or intentionally used in violation of" the Federal Wiretap Act is entitled to seek declaratory and/or injunctive relief." 18 U.S.C. § 2520(b)(3).

A person who "establishes a cause of action under the Texas Wiretap Act is entitled to … reasonable attorney's fees and costs." Tex. Civ. Prac. & Re. Code § 123.004(5).

Further, under 42 U.S.C. § 1988, a party who prevails in suit filed under 42 U.S.C. § 1983 may be awarded reasonable attorneys' fees.

## NO QUALIFIED IMMUNITY

Nacogdoches County Sheriff and Nacogdoches County, Texas do not have qualified immunity under the facts and circumstances of this case.

Qualified immunity shields officers from liability unless their conduct violates "clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan,*

555 U.S. 223, 231 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). When officers invoke qualified immunity [for example,] at summary judgment, courts ask two questions: (1) whether the evidence viewed in the light most favorable to the plaintiff shows that the officers violated a constitutional right, and (2) whether the unlawfulness of their conduct was "clearly established" at the time. *District of Columbia v. Wesby*, 138 S. Ct. 577, 589 (2018).

## REQUEST FOR PROTECTIVE ORDER

Plaintiff Brandon Finchum is currently a custodial inmate of the Nacogdoches County Sheriff's Office but is currently in the custody of the Jasper County Sheriff's Office. Plaintiff Brandon Finchum seeks a Protective Order from the Court preventing and prohibiting the physical transfer of Brandon Finchum to Nacogdoches County jail until the time of his trial. Brandon Finchum has credible reasons to be in fear of his well-being and safety while in physical custody at the Nacogdoches County Jail.

## REQUEST FOR JURY TRIAL

Plaintiff demands a jury trial.

## DAMAGES

Under 18 U.S.C. § 2520 the Plaintiffs are entitled to actual and statutory damages, punitive damages, costs and attorneys' fees;

Under Tex. Civ. Prac. and Rem. Code § 123.004 a person is entitled to:

An injunction prohibiting a further interception, attempted interception, or divulgence or use of information obtained by interception;

Statutory damages of $10,000 for EACH occurrence;

All actual damages in excess of $10,000; and,

Punitive damages in an amount determined by the court or jury.

## RELIEF REQUESTED

Plaintiffs respectfully request this court to grant the following relief:

Issue declaratory relief stating Defendants' practice of intercepting, disclosing and using confidential attorney-client communications is unlawful;

Enjoin Defendants from recording, disclosing, and using confidential attorney-client communications;

Prohibit Defendants from recording, disclosing, and using confidential attorney-client communications;

Order Defendants to produce to Plaintiffs a copy of every recording made of communications between Paul Anderson and Brandon Finchum;

Order Defendants to produce an unredacted copy of the June 24th, 2021 letter from Robert Davis to the Texas Attorney General (Exhibit "K");

Order Defendants to produce a list or log of each and every telephone communication recorded between any attorney and any custodial inmate of the Nacogdoches County jail from January 1, 2020 to the present;

Award reasonable attorney's fees, litigation expenses and court costs; and,

Plaintiffs further pray for all other relief, both legal and equitable, to which they may be justly entitled, including injunctive relief to prevent further retaliation.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs pray that judgment be rendered against the Defendants, for an amount in excess of the jurisdictional minimum of this Court.

Respectfully submitted,

**PAUL ANDERSON, PLLC**

Paul V. Anderson
SBOT № 24089964
601 North Street
Nacogdoches, Texas 75961
Tel.    936.305.5600
E-mail:  paul@paulandersonlaw.com

# VERIFICATION

**STATE OF TEXAS**                    §

**NACOGDOCHES COUNTY**   §


"My name is Paul V. Anderson.  I am over the age of 18, I am fully competent in all respects to swear this Verification.  I have personal knowledge of the facts of this Original Complaint and they are true and correct to the best of my belief and ability.

FURTHER AFFIANT SAYETH NOT."

_____
Paul V. Anderson


SUBSCRIBED AND SWORN TO BEFORE ME on this the 7th day of November, 2021.

_____
NOTARY PUBLIC IN AND FOR
THE STATE OF TEXAS