

# KEN PAXTON
ATTORNEY GENERAL OF TEXAS

August 20, 2021

Mr. Robert S. Davis
Counsel for Nacogdoches County
Flowers & Davis, P.L.L.C
1021 ESE Loop 323, Suite 200
Tyler, Texas 75701

OR2021-22722

Dear Mr. Davis:

You ask whether certain information is subject to required public disclosure under the Public Information Act (the "Act"), chapter 552 of the Government Code. Your request was assigned ID# 900965.

Nacogdoches County (the "county"), which you represent, received a request for information pertaining to the requestor and his client, as well as information pertaining to a specified county policy and a specified incident.[1] You state you do not have information responsive to portions of the request.[2] You claim the submitted information is excepted from disclosure under sections 552.101 and 552.111 of the Government Code. We have considered the exceptions you claim and reviewed the submitted information.

---

[1] The county provides documentation showing it sought and received clarification of the information requested. *See* Gov't Code § 552.222 (providing, if request for information is unclear, governmental body may ask requestor to clarify request); *see also City of Dallas v. Abbott*, 304 S.W.3d 380, 387 (Tex. 2010) (holding that when a governmental entity, acting in good faith, requests clarification or narrowing of an unclear or overbroad request for information, the ten-day period to request an attorney general ruling is measured from the date the request is clarified or narrowed).

[2] The Act does not require a governmental body that receives a request for information to create information that did not exist when the request was received. *See Econ. Opportunities Dev. Corp. v. Bustamante*, 562 S.W.2d 266 (Tex. Civ. App.—San Antonio 1978, writ dism'd); Open Records Decision Nos. 605 at 2 (1992), 563 at 8 (1990), 555 at 1-2 (1990), 452 at 3 (1986), 362 at 2 (1983).

Mr. Robert S. Davis - Page 2

Initially, we note the county has not submitted the requested county policy. To the extent this information existed on the date the county received the request, we assume the county has released it. If the county has not released any such information, it must do so at this time. *See* Gov't Code §§ 552.301(a), .302; *see also* Open Records Decision No. 664 (2000) (if governmental body concludes no exceptions apply to requested information, it must release information as soon as possible).

Next, with respect to the submitted audio recordings, we note the requestor seeks only the audio recording documenting one specified communication between himself and his client. You have submitted audio recordings that contain information beyond this specific type of information. Thus, these audio recordings, which we indicated, are not responsive to the present request. This ruling does not address the public availability of any information that is not responsive to the request and the county is not required to release that information in response to the request.[3]

Section 552.101 of the Government Code excepts from public disclosure "information considered to be confidential by law, either constitutional, statutory, or by judicial decision." Gov't Code § 552.101. This section encompasses the constitutional right to privacy. Constitutional privacy protects two kinds of interests. *See Whalen v. Roe*, 429 U.S. 589, 599-600 (1977); Open Records Decision Nos. 600 at 3-5 (1992), 478 at 4 (1987), 455 at 3-7 (1987). The first is the interest in independence in making certain important decisions related to the "zones of privacy," pertaining to marriage, procreation, contraception, family relationships, and child rearing and education, that have been recognized by the United States Supreme Court. *See Fadjo v. Coon*, 633 F.2d 1172 (5th Cir. 1981); ORD 455 at 3-7. The second constitutionally protected privacy interest is in freedom from public disclosure of certain personal matters. *See Ramie v. City of Hedwig Village, Tex.*, 765 F.2d 490 (5th Cir. 1985); ORD 455 at 6-7. This aspect of constitutional privacy balances the individual's privacy interest against the public's interest in the information. *See* ORD 455 at 7. Constitutional privacy under section 552.101 is reserved for "the most intimate aspects of human affairs." *Id.* at 8 (quoting *Ramie*, 765 F.2d at 492).

This office has applied privacy to protect certain information about incarcerated individuals. *See* Open Records Decision Nos. 430 (1985), 428 (1985), 185 (1978). Citing *State v. Ellefson*, 224 S.E.2d 666 (S.C. 1976) as authority, this office held that those individuals who correspond with inmates possess a "first amendment right . . . to maintain communication with [the inmate] free of the threat of public exposure;" and that this right would be violated by the release of information that identifies those correspondents, because such a release would discourage correspondence. ORD 185. The information at issue in Open Records Decision No. 185 was the identities of individuals who had corresponded with inmates, and our office found that "the public's right to obtain an inmate's correspondence list is not sufficient to overcome the first amendment right of the

---

[3] As we are able to make this determination, we need not address your arguments against disclosure of this information.

Mr. Robert S. Davis - Page 3

inmate's correspondents to maintain communication with him free of the threat of public exposure." ORD 185. Implicit in this holding is the fact that an individual's association with an inmate may be intimate or embarrassing. In Open Records Decision Nos. 428 and 430, our office determined that inmate visitor and mail logs which identify inmates and those who choose to visit or correspond with inmates are protected by constitutional privacy because people who correspond with inmates have a First Amendment right to do so that would be threatened if their names were released. ORDs 428 and 430. Further, we recognized that inmates had a constitutional right to visit with outsiders and could also be threatened if their names were released. *See also* ORD 185. The rights of those individuals to anonymity was found to outweigh the public's interest in this information. *Id.*; *see* ORD 430 (list of inmate visitors protected by constitutional privacy of both inmate and visitors). In this instance, a portion of the responsive information consists of telephone logs and call recordings related to an inmate. The requestor in this instance is the inmate's authorized representative. Section 552.023(a) of the Government Code states that a person or a person's authorized representative has a special right of access, beyond the right of the general public, to information held by a governmental body that relates to the person and is protected from public disclosure by laws intended to protect that person's privacy interests. Gov't Code § 552.023. Thus, pursuant to section 552.023, the requestor has a special right of access to information concerning himself and his client, and this information may not be withheld under section 552.101. *See id.* Although the requestor's special right of access generally encompasses private information relating to his client, visitors also have privacy rights with respect to their correspondence with an inmate. Thus, because the constitutional rights of these correspondents are implicated, the requestor's special right of access does not extend to information pertaining to his client's correspondents. *See* ORD 430. Upon review, we find this information is confidential under constitutional privacy. Accordingly, with the exception of information relating to conversations between the requestor and his client, the county must withhold Exhibit D under section 552.101 of the Government Code in conjunction with constitutional privacy. After review of the remaining information at issue, we find the county has not demonstrated any portion of the remaining information falls within the zones of privacy or implicates an individual's privacy interests for purposes of constitutional privacy. Therefore, the county may not withhold any of the remaining information at issue under section 552.101 on the basis of constitutional privacy.

The county claims the information submitted as Exhibit F is excepted from disclosure under section 552.111 of the Government Code. Section 552.111 excepts from disclosure "[a]n interagency or intraagency memorandum or letter that would not be available by law to a party in litigation with the agency[.]" Gov't Code § 552.111. Section 552.111 encompasses the attorney work product privilege found in rule 192.5 of the Texas Rules of Civil Procedure. *City of Garland v. Dallas Morning News*, 22 S.W.3d 351, 360 (Tex. 2000); Open Records Decision No. 677 at 4-8 (2002). Rule 192.5 defines work product as

Mr. Robert S. Davis - Page 4

> (1) material prepared or mental impressions developed in anticipation of litigation or for trial by or for a party or a party's representatives, including the party's attorneys, consultants, sureties, indemnitors, insurers, employees, or agents; or
>
> (2) a communication made in anticipation of litigation or for trial between a party and the party's representatives or among a party's representatives, including the party's attorneys, consultants, sureties, indemnitors, insurers, employees or agents.

TEX. R. CIV. P. 192.5. A governmental body seeking to withhold information under this exception bears the burden of demonstrating the information was created or developed for trial or in anticipation of litigation by or for a party or a party's representative. TEX. R. CIV. P. 192.5; ORD 677 at 6-8. In order for this office to conclude the information was made or developed in anticipation of litigation, we must be satisfied

> a) a reasonable person would have concluded from the totality of the circumstances surrounding the investigation that there was a substantial chance that litigation would ensue; and b) the party resisting discovery believed in good faith that there was a substantial chance that litigation would ensue and [created or obtained the information] for the purpose of preparing for such litigation.

*Nat'l Tank Co. v. Brotherton*, 851 S.W.2d 193, 207 (Tex. 1993). A "substantial chance" of litigation does not mean a statistical probability, but rather "that litigation is more than merely an abstract possibility or unwarranted fear." *Id.* at 204; ORD 677 at 7.

You state Exhibit F consists of communications of county attorneys made in anticipation of litigation. Based on your representations and our review, we conclude the county may withhold Exhibit F under the work product privilege encompassed by section 552.111 of the Government Code.

In summary, with the exception of information relating to conversations between the requestor and his client, the county must withhold Exhibit D under section 552.101 of the Government Code in conjunction with constitutional privacy. The county may withhold Exhibit F under the work product privilege encompassed by section 552.111 of the Government Code. The county must release the remaining information.

This letter ruling is limited to the particular information at issue in this request and limited to the facts as presented to us; therefore, this ruling must not be relied upon as a previous determination regarding any other information or any other circumstances.

Mr. Robert S. Davis - Page 5

This ruling triggers important deadlines regarding the rights and responsibilities of the governmental body and of the requestor. For more information concerning those rights and responsibilities, please visit our website at https://www.texasattorneygeneral.gov/open-government/members-public/what-expect-after-ruling-issued or call the OAG's Open Government Hotline, toll free, at (877) 673-6839. Questions concerning the allowable charges for providing public information under the Public Information Act may be directed to the Cost Rules Administrator of the OAG, toll free, at (888) 672-6787.

Sincerely,

Pearlie Gault
Attorney
Open Records Division

PG/jxd

Ref:    ID# 900965

Enc.   Submitted documents

c:      Requestor
        (w/o enclosures)