# FLOWERS ✤ DAVIS, P.L.L.C.

**CELIA C. FLOWERS**
MELANIE S. REYES
WILLIAM R. KNIGHT, JR.
J. SCOTT MILLER
CATHERINE CHESLEY GOODGION
COREY R. KELLAM
MAYA P. JEDLICKA
KATRYNA R. WATKINS
PAUL H. BROWN
CECILIA G. ISENBERG
TUCKER B. ROYALL
ALAN W. TOMME, OF COUNSEL
A. D. (DEAN) CHAPMAN, OF COUNSEL
THOMAS H. BUCHANAN, OF COUNSEL

1021 ESE LOOP 323, SUITE 200
TYLER, TEXAS 75701
MAIN TELEPHONE: (903) 534-8063
FACSIMILE: (903) 534-1650
WWW.FLOWERSDAVIS.COM

LONGVIEW OFFICE:
1516 JUDSON ROAD
LONGVIEW, TEXAS 75601
TELEPHONE: (903) 757-8900
FACSIMILE: (903) 757-8902

DALLAS OFFICE:
1200 MAIN ST., SUITE 208
DALLAS, TEXAS 75202
TELEPHONE: (214) 205-6146

**ROBERT S. DAVIS**
CHAD C. ROOK
LEE I. CORREA
PRESTON W. MCGEE
ROBIN H. O'DONOGHUE
J. MITCHELL BEARD
STEVE M. MASON
JOHN "JACK" R. FULGHAM

**IMMIGRATION:**
VIRGINIA D. YOUNG
DANIEL C. ROSS
TELEPHONE: (903) 592-8186

September 16, 2021

**Via CM/RRR: 7014 2120 0001 7708 2631**
Texas Attorney General
Open Records Division
P.O. Box 12548
Austin, Texas 78711-2548

    Re:    Nacogdoches County's Requested Exceptions to the Public Information Act Request from Paul Anderson

Dear Attorney General Paxton:

    Please be advised that this law firm represents Nacogdoches County regarding the above-referenced Public Information Act request which was received by email on September 8, 2021, from Attorney Paul Anderson. *See* Exhibit A. Please allow this letter to serve as Nacogdoches County's request for an Attorney General Opinion and brief with attached documents, as required, tendered within 10 business days of the Request.

    In the open records request, the requestor asks for a "detailed log of every phone call between Paul Anderson and Brandon Finchum." *See* Exhibit A.

    The Texas Public Information Act does not require governmental entities to create new information. To the extent the records requested already exist, they are attached as Exhibit B for review. This information sought by requestor is excepted from the Public Information Act on the following grounds:

    **1.**    **The "litigation exception" as set forth in TEX. GOV'T CODE § 552.103**

    Section 552.103 prevents the disclosure of information relating to litigation in which the entity is or may be a party. TEX. GOV'T CODE ANN. § 552.103. Specifically, in relevant part, Section 552.103, states:

(a) Information is excepted from [required public disclosure] if it is information relating to litigation of a <u>civil or criminal</u> nature to which the state or a political subdivision is or may be a party or to which an officer or employee of the state or a political subdivision, as a consequence of the person's office or employment, is or may be a party.

\* \* \*

(c) Information relating to litigation involving a governmental body or an officer or employee of a governmental body is excepted from disclosure under Subsection (a) only if the litigation is pending or reasonably anticipated on the date that the requestor applies to the officer for public information for access to or duplication of the information.

TEX. GOV'T CODE ANN. § 552.103(a), (c).  If Nacogdoches County shows that the (1) litigation is pending or reasonably anticipated on the date the governmental body received the request for information; and (2) the information at issue is related to that litigation, the information should be excepted under Section 552.103(a). *Univ. of Tex. Law Sch. v. Tex. Legal Found.*, 958 S.W.2d 479, 481 (Tex. App.–Austin 1997, no pet.); *Heard v. Houston Post Co.*, 684 S.W.2d 210, 212 (Tex. App.–Houston [1st Dist.] 1984, writ ref'd n.r.e.); Open Records Decision No. 551 at 4 (1990).

This exemption applies to the documents requested here because the responsive information relates to litigation reasonably anticipated by Nacogdoches County.  *See* Exhibits A and C.  In addition to the criminal complaint referenced and attached to Exhibit A, Requestor Paul Anderson has also sent a notice of claim relating to this request which complied with the requirements of the Texas Tort Claims Act.  *See* Exhibit C. In addition to counsel's notice of claim, the County reasonably anticipates litigation based on the nature of these communications.

Whether litigation is reasonably anticipated must be determined on a case-by-case basis. *See* Open Records Decision No. 452 at 4 (1986).  Nacogdoches County must show concrete evidence that litigation is reasonably anticipated, not mere conjecture. *Id.*  Here, Mr. Anderson took the objective steps of (1) presented a criminal complaint; (2) notifying the County to preserve evidence; and (3) sending the County a notice of claim, as required pre-lawsuit, by the Texas Tort Claims Act.  The objective steps taken towards filing suit occurred before, or concurrent with, the County's receipt of this Request.  The requested information expressly relates to the anticipated litigation because both the representation/notice of claim/preservation letter and request refer to the same "incident" on or about May 19, 2021, involving Nacogdoches County Attorney's Office.

Thank you in advance for your consideration of this important issue.  Please do not hesitate to contact me if you require more information.

Very truly yours,

Robert S. Davis

RSD/rho
Enclosures
cc:   Paul Anderson
       Paul Anderson, PLLC
       601 North Street
       Nacogdoches, Texas 75961
       ***(Via CM/RRR: 7014 2120 0001 7708 2648, w/o enclosures)***