# FLOWERS ✤ DAVIS, P.L.L.C.

| | | |
|---|---|---|
| **CELIA C. FLOWERS**<br>MELANIE S. REYES<br>WILLIAM R. KNIGHT, JR.<br>J. SCOTT MILLER<br>CATHERINE CHESLEY GOODGION<br>COREY R. KELLAM<br>MAYA P. JEDLICKA<br>JORDAN C. MULLINS<br>KATRYNA R. WATKINS<br>ROSS W. WEATHERS<br>PAUL H. BROWN<br>ALAN W. TOMME, OF COUNSEL<br>A. D. (DEAN) CHAPMAN, OF COUNSEL<br>THOMAS H. BUCHANAN, OF COUNSEL | 1021 ESE LOOP 323, SUITE 200<br>TYLER, TEXAS 75701<br>MAIN TELEPHONE: (903) 534-8063<br>FACSIMILE: (903) 534-1650<br>WWW.FLOWERSDAVIS.COM<br><br>LONGVIEW OFFICE:<br>1516 JUDSON ROAD<br>LONGVIEW, TEXAS 75601<br>TELEPHONE: (903) 757-8900<br>FACSIMILE: (903) 757-8902<br><br>DALLAS OFFICE:<br>1200 MAIN ST., SUITE 208<br>DALLAS, TEXAS 75202<br>TELEPHONE: (214) 205-6146 | **ROBERT S. DAVIS**<br>CHAD C. ROOK<br>LEE I. CORREA<br>PRESTON W. MCGEE<br>ROBIN H. O'DONOGHUE<br>J. MITCHELL BEARD<br>STEVE M. MASON<br>JOHN "JACK" R. FULGHAM<br><br>**IMMIGRATION:**<br>VIRGINIA D. YOUNG<br>DANIEL C. ROSS<br>TELEPHONE: (903) 592-8186 |

June 24, 2021

**Via CM/RRR: 7014 2120 0001 7708 1207**
Texas Attorney General
Open Records Division
P.O. Box 12548
Austin, Texas 78711-2548

Re: Nacogdoches County's Requested Exceptions to the Public Information Act Request from Paul Anderson

Dear Attorney General Paxton:

Please be advised that this law firm represents Nacogdoches County regarding the above-referenced Public Information Act request which was received by email on May 19, 2021, from Paul Anderson, and later clarified by letter dated June 6, 2021, which was received on June 7, 2021. See Exhibits A, B. Nacogdoches County requested an Attorney General Opinion relating to disclosure of documents which could be responsive to such request on June 17, 2021, which was within 10 business days of the clarification. See Exhibit C attached hereto. Please allow this letter to serve as Nacogdoches County's brief with the required attached documents as required by statute, tendered within 15 business days of the clarification.

In the open records request/clarification, the requestor asks for:

1. The specific audio recording between Brandon Finchum and Paul Anderson;

2. A copy of any and all communications including emails or text messages referencing the telephone call between attorney Paul Anderson and Brandon Finchum in your May 19th email;

Page 1 of 4

FLEMING (WIRETAP)

3. A copy of any log, electronic record or written recording of any telephone call to and from the Nacogdoches County Jail and related to Brandon Finchum since January 1, 2020;

4. A copy of any communication, writing or electronic record of Nacogdoches County Attorney's office policy on attorney-client communications, including, but not limited to, monitoring telephone calls from inmates incarcerated in the Nacogdoches County Jail.

5. A copy of any communication, writing or electronic record of Nacogdoches County Attorney's office admonishing, disciplining, or counseling the "employee" that listened to the confidential and privileged attorney-client recording referred to in your May 19th, 2021 email.

6. Please provide a copy of any communication, writing or electronic record created by the Nacogdoches County Attorney's office and referring to "taking steps to avoid this happening again" stated in your May 19th, 2021 email.

See Exhibits A, B.

Nacogdoches County has no items responsive to items 4,5, and 6 and has advised the requestor of that fact. As for the other requests, the information sought by requestor is excepted from the Public Information Act on the following grounds:

**1. Section 552.101 of the Texas Government Code exempts from disclosure "information considered to be confidential by law, either constitutional, statutory, or by judicial decision." Tex. Gov't Code § 552.101.**

Section 552.101 of the Texas Government Code exempts from disclosure "information considered to be confidential by law, either constitutional, statutory, or by judicial decision." Tex. Gov't Code § 552.101. This section encompasses the constitutional right to privacy. The Attorney General has applied constitutional privacy to protect certain information related to incarcerated individuals. *See* Open Records Decision Nos. 430 (1985), 428 (1985), 185 (1978). Citing *State v. Ellefson*, 224 S.E.2d 666 (S.C. 1976) as authority, the Attorney General has held that those individuals who correspond with inmates possess a "first amendment right ... to maintain communication with [the inmate] free of the threat of public exposure," and that this right would be violated by the release of information that identifies those correspondents, because such release would discourage correspondence. ORD 185 at 2. The information at issue in Open Records Decision No. 185 was the identities of the individuals who had corresponded with inmates. The Attorney General found that "the public's right to obtain an inmate's correspondence list is not sufficient to overcome the first amendment right of the inmate's correspondents to maintain communication with him free of threat of public exposure." *Id.* Implicit in this holding is the fact that an individual's association with an inmate may be intimate or

embarrassing. The rights of those individuals to anonymity has been found to outweigh the public's interest in this information. ORD 185; see ORD 430 (list of inmate visitors protected by constitutional privacy of both inmate and visitors).

The requestor in the present case is an attorney presumably seeking the information for his own purposes. Section 552.023(a) of the Government Code states that a person or a person's authorized representative has a special right of access, beyond the right of the general public, to information held by a government body that relates to the person and is protected from public disclosure by laws intended to protect that person's privacy interest. Tex. Gov't Code § 552.023. Although the current requestor has a special right of access, the Attorney General has found that the constitutional rights of the correspondents are still implicated, and the requestor's special right of access does not extend to information pertaining the correspondents. See Tex. Att'y Gen. OR2009-12175. This reasoning should also apply to phone logs and recorded phone calls. Attached as Exhibit D is a call log for Brandon Finchum while an inmate in the Nacogdoches County Jail. The requested recorded phone calls of inmate Brandon Finchum while an inmate in the Nacogdoches County Jail are contained in Exhibit E. This information should be excluded from disclsure pursuant to section 552.101.

**2.   Section 552.111 of the Texas Government Code exempts core work-product/attorney mental processes, as defined in Texas Rule of Civil Procedure 192.5, from disclosure.**

Section 552.111 of the Texas Government Code provides, "An interagency or intraagency memorandum or letter that would not be available by law to a party in litigation with the agency is excepted from the requirements of Section 552.021." Tex. Gov't Code § 552.111. The Third Court of Appeals has stated that section 552.111 "excepts those documents ... normally privileged in the civil discovery context." *Texas Dep't of Public Safety v. Gilbreath*, 842 S.W.2d 408, 413 (Tex.App. – Austin 1992, no writ). A governmental body may assert section 552.111 for "core work product" as defined by Texas Rule of Civil Procedure 192.5. Core work product is exempted regardless of the status of litigation. See Open Records Decisions 647 (1976), 677 (2002).

For information to be considered work product, it must be made or developed in anticipation of litigation. Litigation is anticipated when two tests are met: (1) whenever the circumstances would indicate to a reasonable person that there is a substantial chance of litigation, and (2) the party now asserting the privilege had a good faith belief that litigation would ensue. *In re Monsanto Co.*, 998 S.W.2d 917, 923-24 (Tex.Ap.. – Waco 1999, no pet.). A party may reasonably anticipate suit being filed and prepare for the expected litigation before anyone manifests an intent to sue. *Id.* Actual notice of a potential lawsuit is not required for a party to anticipate litigation. *Id.* To determine when a party reasonably anticipates or foresees litigation, one must look to the totality of circumstances and decide whether a reasonable person in the party's position would have anticipated litigation and whether the party actually did anticipate litigation. *Id.*

The documents attached as Exhibit F are work product documents. . For these reasons, Nacogdoches County asserts the work product privilege and requests that the documents attached as Exhibit F be exempted from disclosure on that basis.

Thank you in advance for your consideration of this important issue. Please do not hesitate to contact me if you require more information.

Very truly yours,

Robert S. Davis

RSD/rho/rlo
Enclosures
cc:   Paul Anderson (Requestor)
      Attorney at Law
      601 North Street
      Nacogdoches, TX 75961
      *(Via CM/RRR: 7014 2120 0001 7708 1214, w/o enclosures)*