IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| PAUL V. ANDERSON, INDIVIDUAL and BRANDON FINCHUM, INDIVIDUAL | § § § | |
| *Plaintiffs*, | § § | |
| v. | § § | CIVIL ACTION NO. 9:21-CV-285 |
| NACOGDOCHES COUNTY ATTORNEY'S OFFICE, and JOHN FLEMING, In his official capacity, NACOGDOCHES COUNTY SHERIFF'S OFFICE, and JASON BRIDGES, In his official capacity, NACOGDOCHES COUNTY DISTRICT ATTORNEY'S OFFICE, and ANDREW JONES, In his official capacity | § § § § § § § § § § | |
| *Defendants*. | § § | |

**REPORT AND RECOMMENDATION
ON DEFENDANTS' PARTIAL MOTION TO DISMISS**

Pursuant to 28 U.S.C. § 636(b), Federal Rule of Civil Procedure 72, and the Local Rules for the United States Court for the Eastern District of Texas, United States District Judge Michael J. Truncale referred this matter to the undersigned United States magistrate judge for entry of findings, recommendation, and/or disposition on certain motions. Pending before the court is Defendants' Partial Motion to Dismiss Pursuant to Rule 12(b)(6) (doc. #4), Defendants' Renewed Motion to Dismiss Pursuant to Rule 12(b)(6) in Response to Plaintiff's First Amended Complaint (doc. #17), and Defendant's Partial Motion to Dismiss Pursuant to Rule 12(b)(6) in Response to Plaintiff's Second Amended Complaint (doc. #26). After review, the undersigned recommends granting the motion to dismiss (doc. #26) and denying the prior two motions to dismiss (docs. #4, #17) as moot.

1

## I. Procedural History and Plaintiff's Claims

### A. Procedural History

On November 7, 2021, Plaintiffs, Paul Anderson (a Texas attorney) and Brandon Finchum (his incarcerated client) filed their Original Complaint against Nacogdoches County, Texas, Nacogdoches County Attorney's Office, Nacogdoches County Sheriff's Office, Nacogdoches County District Attorney's Office, County Attorney John Fleming, Sheriff Jason Bridges, and District Attorney Andrew Jones, in their official capacities, for damages and injunctive relief. (Doc. #1.) Plaintiffs allege that Defendants recorded telephone conversations between Plaintiffs which were protected by attorney-client privilege. (Doc. #1, at 3.)

On December 1, 2021, Defendants filed their first Partial Motion to Dismiss and Answer. (Docs. #4, #5.) Instead of filing a timely response, on April 26, 2022, Plaintiffs filed their own Motion to Dismiss requesting that Plaintiff Paul Anderson be dismissed without prejudice as to his claims against Defendants. (Doc. #13.) The court granted the motion making Plaintiff Finchum the sole plaintiff in this case. (Doc. #15.)

On this same date, Plaintiff filed his First Amended Complaint (doc. #14), without leave of court.[1] In one paragraph of the new complaint, Plaintiff requested that the court amend and restyle his petition to name only Defendant Nacogdoches County and withdraw all claims against Defendants Nacogdoches County Attorney's Office, County Attorney John Fleming, Nacogdoches County Sheriff's Office, Sheriff Jason Bridges, the Nacogdoches County District Attorney's Office, and District Attorney Andrew Jones. (Doc. #14, at 1.) Despite this paragraph, Plaintiff continued to recite his claims against all original defendants throughout the First Amended Complaint. (Doc. #14.)

---

[1] The deadline to file amended pleadings without leave was April 20, 2022.

2

On May 4, 2022, Defendants filed their Second Motion to Dismiss Pursuant to Rule 12(b)(6). (Doc. #17.) In lieu of a response, Plaintiff requested leave to file his earlier filed First Amended Complaint. (Doc. #19.) The court conditionally granted Plaintiff's motion ordering Plaintiff to file a noncontradictory amended complaint within ten (10) days or risk adverse action by the court. (Doc. #23.)

Plaintiff then filed his Second Amended Complaint on May 20, 2022. (Doc. #25.) On June 2, 2022, Defendants filed the pending Partial Motion to Dismiss Plaintiff's Second Amended Complaint. (Doc. #26.) The response deadline was June 16, 2022, but Plaintiff filed his response on July 1, 2022. (Doc. #31.) No motion to excuse a late filing was filed. Defendant filed a timely reply and objected to Plaintiff's late response. (Doc. #36.) Plaintiff filed a timely sur-reply on July 5, 2022. (Doc. #39.)

    B. *Pending parties and claims*

Plaintiff asserts in each of his complaints that the Defendants recorded his telephone calls with his attorney while in the Nacogdoches County jail. He alleges that Defendants listened to his calls with his attorney and that the recordings were shared among the Defendants, including the district attorney. Plaintiff claims that these actions violated: his constitutional right to access to courts under the First, Fourth, Fifth, Sixth and Fourteenth Amendments; violated both Federal and State wiretapping statutes; and violated his right to privacy under state law. He proceeds under 42 U.S.C. §1983 – the Civil Rights Act.

Despite the court's order to file a noncontradictory complaint, as stated above, Plaintiff's live pleading is still both confusing and contradictory. In one paragraph he "withdraws his claims against all but Nacogdoches County," but then six paragraphs later he identifies the Sheriff and District Attorney as parties and asserts all his factual and legal claims against all defendants, plural.

3

(Doc. #25, at ¶3, 10-13.) In his late-filed response to the motion for summary judgment, Plaintiff claims again that Nacogdoches County is the only remaining defendant. (Doc. #31.)

To alleviate the confusion created by Plaintiff's live pleading, the undersigned recommends that the court order that all claims against Nacogdoches County Attorney's Office, County Attorney John Fleming, Nacogdoches County Sheriff's Office, Sheriff Jason Bridges, Nacogdoches County District Attorney's Office, and District Attorney Andrew Jones, be stricken as withdrawn.

Also, in his late-filed response, Plaintiff concedes that he does not have standing to assert a Sixth Amendment claim and that his state law claim for invasion of privacy is barred under the Texas Tort Claims Act. The undersigned recommends that the court also strike Plaintiff's Sixth Amendment claim and state law claim for invasion of privacy as withdrawn.

The following claims, therefore, remain pending:

1. Federal Wiretap violations;
2. Texas Wiretap violations;
3. First Amendment violations;
4. Fourth Amendment violations;
5. Fifth Amendment violations, and
6. Fourteenth Amendment violations.

In the latest motion for partial dismissal, Defendant moves to dismiss the First, Fifth and Fourteenth Amendment claims asserting violations of the Plaintiff's right to access the courts.[2]

---

[2] Defendant also moved for dismissal of the Sixth Amendment and state law claim for invasion of privacy, but, as set forth above, those claims were withdrawn.

**II.** **Legal Standards**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) challenges the sufficiency of the factual allegations in the complaint. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). To survive dismissal under 12(b)(6), the complaint must contain sufficient facts, which accepted as true, "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 667 (2009) (quoting *Twombly*, 550 U.S. at 570). To be plausible, the complaint's "[f]actual allegations must be enough to raise a right above the speculative level." *Great Lakes Dredge & Dock Co. LLC v. La. State*, 624 F.3d 201, 210 (5th Cir. 2010) (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

The Supreme Court has confirmed that Rule 12(b)(6) must be read in tandem with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2); *see also Iqbal,* 556 U.S. at 677-78; *Twombly*, 550 U.S. at 555. To decide whether the complaint states a valid claim for relief, the court accepts all well-pleaded facts as true and construes the complaint in the light most favorable to the plaintiff. *Great Lakes Dredge*, 624 F.3d at 210. However, the court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Id.* (quoting *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007). "While legal conclusions can provide the complaint's framework, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. The inquiry focuses on the allegations in the pleadings and not on whether the plaintiff has sufficient evidence to succeed on the merits. *Ackerson v. Bean Dredging, LLC*, 589 F.3d 196, 209 (5th Cir. 2009).

### III. Discussion and Analysis

#### A. Fifth Amendment Claim

Plaintiff cannot pursue his access to courts claim under the Fifth Amendment. Fifth Amendment due process claims apply only to constitutional violations by the United States or a federal actor. *Jones v. City of Jackson*, 203 F.3d 875, 880 (5th Cir. 2000); *Morin v. Caire*, 77 F.3d 116, 120 (5th Cir. 1996) (holding that the Fifth Amendment applies only to the actions of the federal government, and not to the actions of a municipal government). As Nacogdoches County is a municipal government and is not a federal actor, Plaintiff cannot maintain a Fifth Amendment access to courts violation.

#### B. First and Fourteenth Amendment Violations

Detainees, like Plaintiff, have a constitutionally protected right of access to the courts. *Bounds v. Smith*, 430 U.S. 817, 821 (1977). Right to access claims fall into two categories: (1) claims that systemic official action frustrates a plaintiff from preparing or filing suits at the present time, and (2) claims that official acts have caused the loss or inadequate settlement of a specific case. *Christopher v. Harbury*, 536 U.S. 403, 413-14 (2002). Included in this right is the reasonable opportunity to receive the assistance of an attorney. *Procunier v. Martinez*, 416 U.S. 396, 419 (1974), *overruled, in part, on other grounds, Thornburg v. Abbot*, 490 U.S. 401 (1989).

This right to access, however, is not unfettered. Instead, it includes only a reasonable opportunity to file nonfrivolous legal claims challenging confinement, conviction or conditions of confinement. *Lewis v. Casey*, 518 U.S. 343, 356 (1996). The universe of relevant claims also includes civil rights claims under section 1983. *Wolff v. Donnell*, 418 U.S. 539, 579 (1974). The right to access the courts does not guarantee, however, inmates or detainees the "wherewithal to

transform themselves into litigation engines capable of filing everything from shareholder derivative suits to slip and fall claims." *Lewis,* 518 U.S. at 355.

To prevail on a denial of access to the courts claim under section 1983, a plaintiff must show an actual injury in connection with an identifiable legal proceeding. *Lewis*, 518 U.S. at 349-53; *Gross v. Normand*, 576 F. App'x 318, 320 (5th Cir. 2014); *Walker v. Navarro County Jail*, 4 F.3d 410, 413 (5th Cir. 1993). Significantly for Plaintiff, to survive a motion to dismiss under Rule 12(b)(6), a plaintiff must first *allege* an identifiable legal proceeding and the injury suffered by the denial of access. *Christopher,* 536 U.S. at 414-15.

Plaintiff's Second Amended Complaint contains not a single reference to any legal proceeding that Plaintiff has filed or intended to file that was impacted by the Defendant's actions in recording his phone calls. Instead, the complaint makes vague references to the Plaintiff's father being a witness in a public corruption investigation,[3] but there is no showing that the *Plaintiff* had a proceeding that was thwarted or a legal claim the *Plaintiff* cannot now pursue because of the recording, listening and reporting of phone calls by Defendant.

In his sur-reply, Plaintiff argues that a Seventh Circuit case and a Third Circuit case hold that a policy or practice of interfering with a detainee's communications with his attorney relieves him of any requirement to allege an identifiable legal proceeding or actual harm. Plaintiff also argues that there are Fifth Circuit cases that come to the same conclusion. (Doc. #39 at 1.)

*Guajardo-Palma v. Martinson*, 622 F.3d 801 (7th Cir. 2010) does not support Plaintiff's claim. Instead, the Seventh Circuit held that absent a showing of how the detainee's ability to litigate his case was harmed, the prison's practice of opening letters that are both public and private

---

[3] (Doc. #25, at ¶¶ 24-25.)

outside of the prisoner's presence, was harmless. *Id*. at 806. Likewise, Plaintiff's reliance on the Third Circuit opinion in *Jones v. Brown* is unavailing.

While the Third Circuit in *Jones v. Brown*, 461 F.3d 353, 359 (3rd. Cir. 2006) does find that nothing in the Supreme Court's reasoning in *Casey* requires that a prisoner who alleges that the official opened his legal mail outside his presence and thereby violated his First Amendment rights must also allege a separate consequential injury beyond the constitutional violation itself, the Fifth Circuit has not reached the same conclusion. *Gross*, 576 F. App'x at 320. In fact, there isn't a single Fifth Circuit case or any district court within the Fifth Circuit that cites to that conclusion in *Jones v. Brown*.

Finally, Plaintiff mis-cites his case law. In *Brewer v. Wilkinson*, 3 F.3d 816, 825 (5th Cir. 1993), the Fifth Circuit found first that the violation of a prisoner regulation requiring the prisoner to be present when his incoming legal mail is opened does not state a constitutional violation.[4] As to outgoing legal mail, the court found because the prisoner alleged that officials removed the writ of mandamus contained in his outgoing mail, thus preventing the document from being filed, he sufficiently alleged the element of legal prejudice. *Id*. at 826.

Plaintiff's reliance on *Dora v. Rowe* also fails. In *Dora*, the court, performing an initial screening of *pro se* prisoner's complaint, concluded that the allegations concerning the opening of his mail implicated the prisoner's First Amendment right to free speech and specifically notes that the prisoner did not assert an access to courts claim because he did not contend that his legal position was harmed. *Dora v. Rowe*, No. 5:20-cv-270-BQ, 2021 WL 8202508, *7 (N.D. Tex. Dec.

---

[4] This holding specifically overruled *Taylor v. Sterrett*, 532 F.2d 462 (5th Cir. 1976), (another case relied on by Plaintiff: "[W]e thus acknowledge that what we once recognized in *Sterrett* as being "compelled" by prisoners' constitutional rights—i.e., that a prisoner's incoming legal mail be opened and inspected only in the prisoner's presence, *see Sterrett,* 532 F.2d at 469, is no longer the case in light of *Turner* and *Thornburgh*.") Brewer, 3 F.3d at 825.

8

10, 2021). *Dora* is inapplicable here as Plaintiff's First Amendment claim is predicated on a violation of his right to access the courts claim. (Doc. #25, ¶72.) Nowhere in his complaint, his late-filed response to the motion to dismiss, or his sur-reply does he assert that his right to free speech was violated by the Defendant. Unlike the prisoner *pro se* pleadings at issue in *Dora*, the undersigned will not infer into Plaintiff's pleadings a claim not alleged.

Plaintiff's complaint does not state a valid claim for violations of his right to access the courts under the First and Fourteenth amendment as Plaintiff has not alleged an identifiable legal proceeding that has been adversely impacted or any other legal injury. The undersigned does not recommend that Plaintiff be afforded yet another opportunity to amend his complaint. Defendant, in each of its three motions to dismiss has pointed out that the complaint failed to identify the required legal proceeding or injury—doc. #4 at 5, doc. #17 at 5, doc. #26 at 5. Plaintiff amended three times his complaint three times and failed to cure this deficiency each time. The undersigned determines it would be futile at this stage to allow further amendments.

  *C. Conclusion*

Plaintiff's First, Fifth, and Fourteenth Amendment claims should be dismissed. The remaining claims are those asserting violations of the Federal and Texas Wiretap Acts and violations of the Fourth Amendment.

**IV.**  **Recommendation**

The undersigned recommends that the court **STRIKE** as **WITHDRAWN** all claims against Nacogdoches County Attorney's Office, County Attorney John Fleming, Nacogdoches County Sheriff's Office, Sheriff Jason Bridges, Nacogdoches County District Attorney's Office, and District Attorney Andrew Jones. The undersigned further recommends that the court **STRIKE** the Sixth Amendment claim and the state law claim for invasion of privacy as **WITHDRAWN**

Finally, the undersigned recommends that Defendant's Partial Motion to Dismiss be **GRANTED**. as to the claims arising under the First, Fifth, and Fourteenth Amendments and that the court **DISMISS** these claims, in their entirety, with prejudice.

For clarification, should the court adopt the Report and Recommendation, the following three claims will remain: violations under the Fourth Amendment, Federal Wiretap Act Violation and Texas Wiretap Act Violation.

Finally, because the issues raised in Defendants' first two motions to dismiss (docs. #4, #17) were addressed either by amended complaints or are identical to the issues addressed in the third motion to dismiss (doc. #26) and disposed of by this Report and Recommendation, the undersigned recommends that Doc. #4 and Doc. #17 be **DENIED** as **MOOT**.

### V.     Objections

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superceded by statute on other grounds*, 28

U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this the 3rd day of August, 2022.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE