IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| BRANDON FINCHUM, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 9:21-CV-285-MJT-CLS |
| | § | |
| NACOGDOCHES COUNTY, | § | |
| | § | |
| *Defendant*. | § | |

**MEMORANDUM ORDER OVERRULING DEFENDANT'S OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff Brandon Finchum brings this lawsuit alleging claims under the Federal Wiretap Act, Texas Wiretap Act, and 42 U.S.C. § 1983. The Court referred this matter to the Honorable Christine L. Stetson, United States Magistrate Judge, for consideration and disposition pursuant to applicable laws and orders of this Court. On December 29, 2022, the Magistrate Judge entered a Report and Recommendation [Dkt. 94] in which she recommended denying Defendant's Motion for Summary Judgment [Dkt. 40]. On January 12, 2022, Defendant timely objected to the Report and Recommendation. [Dkt. 98].

A party who timely files specific, written objections to a magistrate judge's report and recommendation is entitled to a *de novo* determination of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2)-(3). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Frivolous, conclusive or general objections need not be considered by the district court. *Nettles v.*

*Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1412 (5th Cir. 1996) (en banc).

The Court has conducted a *de novo* review of Defendant's objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b). After careful consideration, the Court finds that Defendant's objections [Dkt. 98] are without merit. Defendant's objections are overruled, and the Report and Recommendation of the United States Magistrate Judge [Dkt. 94] is adopted.

### I.     Exhaustion of Administrative Remedies

Defendant objects to the findings and conclusions of law that: (1) the administrative exhaustion requirement does not apply; and (2) even if the administrative exhaustion requirement did apply, Plaintiff has demonstrated there is a genuine issue of material fact as to whether the grievance procedure was available to him. [Dkt. 98 at 2-5].

#### A. The administrative exhaustion requirement is inapplicable

Defendant citea *Alexander v. Tippah County*, 351 F.3d 626 (5th Cir. 2003) in support of their argument that the administrative exhaustion requirement is applicable. However, Defendant misconstrues the Fifth Circuit's holding. In *Alexander*, the appellant argued that the administrative exhaustion requirement was inapplicable because it was "inadequate" and did not "satisfy 'minimum acceptable standards' of fairness and effectiveness." *Alexander*, 351 F.3d at 630 (citing *Booth v. Churner*, 532 U.S. 731, 740 n.5 (2001)). The Fifth Circuit rejected this argument because the adequacy of an administrative remedy is not a valid basis for its inapplicability. *See id.* (citing *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001) ("Under § 1997e(a), a prisoner must exhaust such administrative remedies as are 'available,' whatever they may be.").

Here, the administrative exhaustion requirement is inapplicable because, as the Magistrate Judge explained in the report, "Exhaustion of administrative remedies is not required when 'the relevant administrative procedure lacks authority to provide any relief or to take any action whatsoever in response to a complaint.'" [Dkt. 94 at 5-6] (citing *Dillon v. Rogers*, 596 F.3d 260, 267 (5th Cir. 2010)).  This suit is based on civil rights and wiretapping violations committed by non-lawyer employees of the Nacogdoches County District Attorney's Office, rather than by Nacogdoches County Jail personnel, and the Magistrate Judge correctly found that the Nacogdoches County Jail grievance procedure does not cover, and was not designed to cover, grievances for acts committed by non-jail employees.  [Dkt. 94 at 5]. Additionally, to the extent Defendant appears to suggest, *see* [Dkt. 94 at 3], that the Fifth Circuit in *Alexander* implicitly held that the administrative procedure covered the actions of non-jail staff,[1] such a finding would be limited to those facts—particularly, the specific grievance procedure,[2] the nature of the offense, and the parties responsible for the alleged offense. The Magistrate Judge, therefore, correctly found that the administrative exhaustion requirement is inapplicable.

---

[1] The excessive force claim alleged in *Alexander* arose from the actions of Defendant Sheriff James Page and Defendant Deputy Gary Welch.  *Alexander*, 351 F.3d at 638.  There is no indication, however, that the parties in *Alexander* raised the issue of whether the grievance procedure applied to the actions of Defendant Sheriff James Page and Defendant Deputy Gary Welch—who may or may not be non-jail staff, as it is not specified in the opinion. The Court is not persuaded that the Fifth Circuit "implicitly held" that the *Alexander* grievance procedure covered the actions of non-jail employees.

[2] Defendant offers no indication that the grievance procedure in *Alexander* is identical or similar to the Nacogdoches County Jail procedure.  Accordingly, even if such an inference on an "implicit holding" could be drawn on the *Alexander* grievance procedure's applicability to non-jail staff, it would be limited to the unique facts of that case and the specific grievance procedure at issue there.

### B. There is a genuine issue of material fact on the availability of the grievance procedure

Defendant further objects to the finding that Plaintiff has demonstrated there is a genuine issue of material fact as to whether the grievance procedure was available to Plaintiff. [Dkt. 98 at 3-5]. However, Defendant's objection largely restates the arguments made in its reply. [Dkt. 93 at 3-4]. The Magistrate Judge explains in the report:

> An administrative procedure is unavailable when (1) "it operates as a simple dead end – with officers unable or consistently unwilling to provide any relief to aggrieved inmates," (2) the procedure is "so opaque that it becomes, practically speaking, incapable of use" such that the "mechanism exists to provide relief, but no ordinary prisoner can discern or navigate it, or (3) when prison administrators "thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Ross*, 578 U.S. at 643-44. Here, Plaintiff states that the grievance procedure was not available because he was informed that there were "no grievance forms," "no grievance officer," and no "means to appeal." (Doc. #87, Ex. 1 at ¶¶ 5-9.) The grievance procedure outlined in the inmate handbook makes clear that the grievance forms, grievance officers, and means of appeal are integral aspects of this administrative remedy.

[Dkt. 94 at 6]. Defendant's argument that there is no genuine issue of material fact because Plaintiff's summary judgment evidence includes "hearsay" [Dkt. 98 at 4] does not affect the findings and conclusions of law in the report. Initially, the Court notes that it is not actually clear whether Plaintiff's statement that "[he] was told that there was no grievance officer" is hearsay. [Dkt. 87-1 at ¶ 5]. If this statement was made by an employee of the Nacogdoches County Jail, the statement would satisfy the party-opponent hearsay exception. FED. R. EVID. 801(d)(2)(D) (statements made by Nacogdoches County's agents or employees on a matter within the scope of that relationship are not hearsay). Regardless, Plaintiff's other statements[3] creating a genuine issue of material fact on the availability of the grievance procedure are not hearsay. Moreover, this is

---

[3] These other statements include: "There were no paper grievance forms to fill out" and "The kiosk did not provide any means to appeal a grievance that was not responded to." [Dkt. 87-1 at ¶¶ 8-9].

4

an alternative finding given that the administrative exhaustion requirement does not even apply, as discussed above.

Finally, regarding Defendant's repeated argument concerning Exhibit 1[4] of their reply [Dkt. 93-1], the Magistrate Judge properly found that a grievance form completed by Plaintiff several months prior "does not resolve the fact issue as to whether grievance forms were available to Plaintiff at the time the events giving rise to the grievance took place." [Dkt. 94 at 6 n.4].

The Magistrate Judge correctly found that, even if the administrative exhaustion requirement were applicable, Plaintiff has demonstrated a genuine issue of material fact as to its availability.

## II.     Federal Wiretap Act, Texas Wiretap Act, and 42 U.S.C. § 1983

Defendant also objects to the following findings and conclusions of law: (1) the law enforcement and consent exceptions to the Federal Wiretap Act do not apply, thus summary judgment should be denied as to Plaintiff's Federal Wiretap Act claim; (2) sovereign immunity has been waived as to the Texas Wiretap Act, and the consent exception of the Texas Wiretap Act does not apply, thus summary judgment should be denied as to Plaintiff's Texas Wiretap Act claim; and (3) Plaintiff maintained an objective and subjective reasonable expectation of privacy in his privileged attorney-client phone calls, and the Fourth Amendment consent exception does not apply, thus summary judgment should be denied as to Plaintiff's Fourth Amendment claim. [Dkt. 98 at 5-9].

Defendant's objections to these findings and conclusions of law merely restate the already-rejected arguments made in the Motion for Summary Judgment and reply. [Dkts. 40, 93].

---

[4] The Court notes that Exhibit 1 of Defendant's reply, [Dkt. 93], is not proper summary evidence, as it was not included in its original Motion for Summary Judgment, [Dkt. 40], and was only submitted, for the first time, with its reply brief.

5

Reviewing the report *de novo*, the Court holds that the Magistrate Judge's findings and conclusions of law on Plaintiff's Federal Wiretap Act, Texas Wiretap Act, and Fourth Amendment claims are correct for the reasons explained in the report. Defendant's objections are without merit and are overruled.

### III.     Defendant's Objections are Overruled

For the foregoing reasons, Defendant's objections [Dkt. 98] are **OVERRULED**. Accordingly, the Report and Recommendation of the United States Magistrate Judge [Dkt. 94] is **ADOPTED** in full. Defendant's Motion for Summary Judgment [Dkt. 40] is **DENIED**.

**SIGNED this 24th day of January, 2023.**

_____
Michael J. Truncale
United States District Judge