IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| BRANDON FINCHUM, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 9:21-CV-285-MJT-CLS |
| | § | |
| NACOGDOCHES COUNTY, | § | |
| | § | |
| *Defendant.* | § | |

**REPORT AND RECOMMENDATION**
**DENYING DEFENDANT'S PARTIAL MOTION TO DISMISS (DOC. #95)**

Pursuant to 28 U.S.C. § 636 and the Local Rules of Court for the Assignment of Duties to United States Magistrate Judges, the district court referred this proceeding to the undersigned United States magistrate judge to conduct all pretrial proceedings, to enter findings of fact and recommend disposition on case-dispositive matters, and to determine non-dispositive matters. *See* 28 U.S.C. § 636(b)(1); E.D. TEX. CIV. R. 72. Pending before the court is Defendant Nacogdoches County's Partial Motion to Dismiss. (Doc. #95.) After review, the undersigned recommends denying the motion as moot.

**I.     Defendant's Partial Motion to Dismiss is moot**

Defendant filed a Partial Motion to Dismiss (doc. #95) on January 5, 2023. The motion only seeks dismissal of Plaintiff's Texas Wiretap Act claim, arguing that this claim is barred because sovereign immunity has not been waived. This argument has already been considered and rejected in the undersigned's Report and Recommendation denying Defendant's Motion for Summary Judgment (doc. #94 at 9), adopted by the district court (doc. #101). Accordingly, Defendant's Partial Motion to Dismiss should be denied as moot.

## II.    Defendant's Partial Motion to Dismiss was improperly filed without leave of court

Additionally, the undersigned notes that, pursuant to the Amended Scheduling Order (doc. #91) and December 22, 2022, Order (doc. #90), the deadline for Motions to Dismiss was not extended.  The original scheduling order (doc. #10) provided that the "Deadline for Motions to Dismiss, Motions for Summary Judgment, or other dispositive motions" expired on August 10, 2022.  In contrast, the Amended Scheduling Order and December 22, 2022, Order (docs. #90, 91) provide that the "Deadline for Motions for Summary Judgment, or other dispositive motions on Plaintiff's claim under 42 U.S.C. § 1983" is extended February 28, 2023.  As the December 22, 2022, Order states, "[a]ll deadlines not listed above remain unchanged from the original scheduling order (doc. #10) or have expired pursuant to the original scheduling order (doc. #10)."  Thus, the deadline for motions to dismiss has expired.

To the extent Defendant may have mistakenly believed additional motions to dismiss were permitted without leave of court due to the language in the orders permitting "other dispositive motions," this still ignores the limitation that such motions at this stage in the litigation may only addressing Plaintiff's claim under 42 U.S.C. § 1983 (docs. #91, 90).  As stated above, Defendant's Partial Motion to Dismiss (doc. #95) only addresses Plaintiff's Texas Wiretap Act claim.

Accordingly, the undersigned makes the additional finding that Defendant's Partial Motion to Dismiss (doc. #95) was improperly filed without leave of court.

## III.    Recommendation

For the foregoing reasons, the undersigned recommends **DENYING** Defendant's Partial Motion to Dismiss (doc. #95) as **MOOT**.

## IV.    Objections

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge.  28 U.S.C. § 636(b)(1)(C).  To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object.  *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this the 24th day of January, 2023.**

Christine L Stetson
UNITED STATES MAGISTRATE JUDGE