UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| BRANDON FINCHUM, | § | |
| *Plaintiff,* | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 9:21-CV-285 |
| | § | |
| NACOGDOCHES COUNTY, | § | JURY DEMANDED |
| *Defendant.* | § | |

### DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Defendant Nacogdoches County, Texas, files this Response to Plaintiff's Motion for Leave to File Amended Complaint, and would respectfully show the Court as follows:

### I. OBJECTION TO MOTION FOR LEAVE

Defendant objects to Plaintiff Brandon Finchum's Motion for Leave because it violates Local Rule CV-7(k). Local Rule CV-7(k) dictates that motions for leave to file amended documents be filed "separately and immediately before the document for which leave is sought." LOCAL RULE CV-7(k). Accordingly, if a plaintiff wishes to file an amended complaint, the plaintiff must file *both* (1) a motion for leave to amend the complaint; and (2) the (proposed) amended complaint itself. These two documents must be submitted *separately* and *immediately* to comply with the Local Rules – a plaintiff is not permitted to only submit the motion.

The purpose of Local Rule CV-7(k) is, in part, to provide notice to the defendant. Without an opportunity to view the amended complaint, a defendant is greatly limited in its

ability to address the futility of the amendment and otherwise respond to the motion. Rule CV-7(k) also ensures that the court can properly evaluate motions for leave to file amended documents. Under the Federal Rules of Civil Procedure, a party may only amend its pleading after the period for amending as a matter of course elapses either (1) with the opposing party's written consent or (2) with the court's leave. FED. R. CIV. P. 15(a)(2). Permissible reasons to deny a plaintiff leave to amend a complaint include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Thomas v. Chevron U.S.A., Inc.*, 832 F.3d 586, 591 (5th Cir. 2016) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Therefore, both Nacogdoches County and this Court cannot properly respond or evaluate the merits of the motion for leave without seeing the proposed amended complaint itself. Defendant objects to the motion for leave in its entirety on this basis.

## II. RESPONSE

### A. Applicable Standard

Plaintiff's deadline to amend his complaint expired long ago. *See* Doc. 166. Although under Federal Rule of Civil Procedure 15 a court "should freely give leave when justice so requires," FED. R. CIV. P. 15(a)(2), Rule 16(b)'s more stringent standard "governs amendments of pleadings after a scheduling order deadline has expired." *S & W Enters., L.L.C. v. Southtrust Bank of ALA., NA*, 315 F.3d 533, 536 (5th Cir.). Rule 16(b) provides that a scheduling order "may be modified only for good cause and with the judge's consent." FED. R. CIV. P. 16(b). A district court has "broad discretion to preserve the integrity and purpose of the pretrial order." *S & W Enters.*, 315 F.3d at 535. The district

court's denial of a motion to amend is reviewed under the abuse of discretion standard. *Cambridge Toxicology Group, Inc. v. Exnicios*, 495 F.3d 169, 177 (5th Cir. 2007). The good cause standard requires the "party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *Id.* (quoting 6A Charles Alan Wright et al., *Federal Practice and Procedure* § 1522.1 (2d ed. 1990)). Only when the movant demonstrates good cause to modify the scheduling order "will the more liberal standard of Rule 15(a) apply to the district court's decision to grant or deny leave." *Id.* at 536.

To determine whether "good cause" exists when reviewing an untimely motion for leave to amend, courts with the Fifth Circuit consider "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *Id.* In the context of a motion for leave to amend, the court may deny the motion if the movant "knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint. *RE/MAX Intern., Inc. v. Trendsetter Realty, LLC*, 655 F.Supp.2d 679 (S.D. Tex. 2009) (quoting *Pallottino v. City of Rio Rancho*, 31 F.3d 1023, 1027 (10th Cir. 1994).

**B.    First Factor**

In analyzing the first factor, Plaintiff submits that all the parties assumed Nacogdoches County was a proper defendant in August of 2022 when the Court struck the individual defendants based on Plaintiff's attorney's withdrawal of claims against them. Importantly, at that time, other constitutional claims were still pending against Nacogdoches County. *See* Doc. 47. Therefore, Nacogdoches County was properly a

defendant in the case at that time. Additionally, it is not an excuse that Plaintiff changed counsel after all of the deadlines had expired. Former Plaintiff's counsel, Paul Anderson, was aware that he was a witness from the beginning of this case and chose to stay as the attorney until January of 2024. Plaintiff's explanations for the failure to seek amendment earlier are without merit. Therefore, the first factor weighs in Defendant's favor.

**C.    Second Factor**

As for the second factor, courts often consider whether a party's claim is futile in assessing the importance of the amendment. Plaintiff's motion references adding back the original individuals, and Defendant asserts that an amendment to add these individuals as defendants would be futile under the evidence in this case. Plaintiff has also already amended his complaint several times. As stated above, Defendant is unable to fully discuss the futility of the amendment because Plaintiff has failed to immediately and separately file the proposed amended complaint. Therefore, the second factor weighs against granting leave.

**D.    Third Factor**

The third factor to consider is any potential prejudice in allowing the amendment. When assessing this factor, courts in the Fifth Circuit regularly consider the timing of the request in relationship to the case's procedural posture. *See, e.g., Plains Cotton Coop. Ass'n v. Gray*, 672 F.App'x 372, 377 (5th Cir. 2016). Given the current procedural posture of this case, leave to amend would greatly prejudice Defendant. Specifically, and most importantly, the trial of this case is set for November 18, 2024. Additionally, the addition of new defendants could potentially open up new discovery and new dispositive motion deadlines. Essentially, new counsel would be given a do-over in trying this case. This

would come at significant financial cost to the Defendants who have been actively defending this case since November of 2021. The third factor weighs against granting leave.

### E.     Fourth Factor

It is Defendant's position that a continuance would not cure the prejudice to Defendant if leave is granted. Defendant has had to actively litigate this case since 2021. Defendant will be required to completely start over with discovery and dispositive motions at significant time and expense of the Defendant. The fourth factor weighs against granting leave.

### III. CONCLUSION

For all these reasons, Defendants oppose Plaintiff's Motion for Leave and respectfully request that it be denied.

                                      Respectfully submitted,

**FLOWERS DAVIS, P.L.L.C.**
1021 ESE Loop 323, Suite 200
Tyler, Texas 75701
(903) 534-8063
(903) 534-1650 Facsimile

_/s/ Robin Hill O'Donoghue_
**ROBIN HILL O'DONOGHUE**
State Bar No. 09652220
rho@flowersdavis.com

**ROBERT S. DAVIS**
State Bar No. 05544200
rsd@flowersdavis.com
Lead Attorney

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing instrument was served upon all counsel of record in the above entitled and numbered cause on October 21, 2024, in the following manner:

   X   Via ECF

_____
**ROBIN HILL O'DONOGHUE**